UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
SEP 26 2016
CLERK

| | |
|---|---|
| DAVID D. LARVIE, JR., <br> Petitioner, <br> vs. <br> UNITED STATES OF AMERICA, <br> Respondent. | 1:16-CV-003028-CBK <br><br> ORDER |

Petitioner pleaded guilty to use of a firearm during a crime of violence. He was sentenced on December 1, 2008, to 120 months custody to be served consecutively to two other revocation sentences.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He contends that he is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), wherein the United States Supreme Court struck down as unconstitutionally vague the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Johnson was made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**DECISION**

**I. The Residual Clause of the Armed Career Criminal Act.**

Chapter 44 of Title 18 of the United States Code sets forth the laws as to the manufacture, import, sale, and possession of firearms. Section 922(g) prohibits any person who has been convicted of a felony, is a fugitive from justice, is an unlawful user of or addicted to any controlled substance, has been adjudicated as having mental defects or has been committed to a mental institution, is an illegal alien, has been dishonorably discharged from the armed forces, has renounced United States citizenship, is subject to a restraining order, or has been convicted

of a crime of domestic violence from shipping, transporting, possessing, or receiving any firearm or ammunition. 18 U.S.C. § 924(g)(1)-(9).

The maximum custodial penalty for a violation of § 922(g) is ten years. 18 U.S.C. § 924(a)(2). An enhanced mandatory minimum penalty of 15 years custody applies if a prohibited person "has three previous convictions by any court referred to in section 922(g)(1) of this title **for a violent felony or a serious drug offense, or both**, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis supplied). That mandatory minimum penalty was enacted as part of The Armed Career Criminal Act of 1984 ("ACCA"), as amended.

The term "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C.A. § 924(e)(2)(B) (emphasis supplied).

Section 924(e)(2)(B)(i) is known as the elements clause. Section 924(e)(2)(B)(ii) is known as the enumerated offenses clause. The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2556. The United States Supreme Court held in Johnson that the residual clause of ACCA is unconstitutionally vague. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2557-60. The Johnson "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson v. United States, ___ U.S. at ___. 135 S.Ct. at 2563. The Supreme Court has held that Johnson is to be applied retroactively to cases under collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). However, only defendants who were subject to ACCA's mandatory minimum sentence because at least one of their prior convictions was for a violent felony as defined by the residual clause are entitled to collateral relief.

## II. Petitioner's case.

Petitioner pleaded guilty to use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Petitioner's crime of conviction was not for an 18 U.S.C. § 922(g) offense and he was not subject to the mandatory minimum 15 year sentence provision of ACCA. The rule announced in Johnson v. United States (striking the residual clause of ACCA) does not afford petitioner any relief.

Petitioner contends that his conviction for use of a firearm in connection with a crime of violence necessarily required a finding that his underlying conduct, burglary, is a crime of violence under what he describes as the residual clause of 18 U.S.C. § 924(c)(3). Section 924(c) provides an additional mandatory penalty for those who use or carry a firearm in furtherance of committing a crime of violence. A crime of violence is defined as, *inter alia*, a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Petitioner cites a number of appellate and district court cases which held that Johnson invalidates the residual clause of § 924(c)(3).

As set forth previously, Johnson does not provide a basis for relief under § 2255 until the United States Supreme Court says it does. Johnson has not been held to be applicable to the provisions of § 924(c)((3)(B) by the United States Supreme Court. Further, the United States Court of Appeals for the Eighth Circuit has held that Johnson does not apply to § 924(c)(3)(B). United States v. Prickett, ___ F.3d ___, 2016 WL 4010515 (8th Cir. July 27, 2016).

## II. Beckles v. United States.

Petitioner seeks a stay pending the United States Supreme Court's opinion in Beckles v. United States. The United States Supreme Court has granted *certiorari* in Beckles v. United States, No. 15-8544, to consider whether the residual clause of the Career Offender guideline, § 4B1.1, is also constitutionally infirm. Guideline § 4B1.1, the Career Offender guideline, always increases a defendant's criminal history to category VI and in some cases increases the offense level. The guideline applies to a defendant who, *inter alia*, "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The definition of the guideline term "crime of violence" is identical to the provisions of ACCA. U.S.S.G. § 4B1.2(a).

Petitioner's sentence was calculated pursuant to the Career Offender guideline based upon a finding that he had two prior felony convictions for a crime of violence. With a total offense level of 34 and a criminal history category of VI, his guideline range was 262 to 327 months. The statutory term of custody for a violation of 18 U.S.C. §924(c) was not less than 7 years up to life imprisonment. This Court applied a substantial downward variance under 18 U.S.C. § 3553(a)(1) and (6) in sentencing petitioner to only 120 months.

Pursuant to Guidelines § 2K2.4, absent being subjected to the Career Criminal guideline, petitioner's sentence would have been the minimum term of imprisonment required by the statute, that is, 7 years. Guidelines § 2K2.4(b). It would appear that the outcome of the United States Supreme Court's opinion in Beckles may affect the term of imprisonment to which petitioner may have been sentenced.

### ORDER

Now, therefore,

IT IS ORDERED that the motion, Doc. 4, for stay is granted. This action is stayed pending an opinion by the United States Supreme Court in Beckles v. United States, No. 15-8544.

DATED this 26th day of September, 2016.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4