FILED
MAR 13 2017

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| DAVID D. LARVIE, JR.,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:16-CV-003028-CBK<br><br>**ORDER DENYING MOTION TO VACATE**<br>**AND**<br>**ORDER DENYING**<br>**CERTIFICATE OF APPEALABILITY** |

    Petitioner pleaded guilty to use of a firearm during a crime of violence. He was sentenced on December 1, 2008, to 120 months custody to be served consecutively to two other revocation sentences.

    Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He contends that he is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), wherein the United States Supreme Court struck down as unconstitutionally vague the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Johnson was made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

    Petitioner's crime of conviction was not for an 18 U.S.C. § 922(g) offense and he was not subject to the mandatory minimum 15 year sentence provision of ACCA. The rule announced in Johnson v. United States does not afford petitioner any relief. Petitioner's guideline range was, however, calculated pursuant to the Career Offender guideline, § 4B1.1, which applies to a defendant who, *inter alia*, "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The definition of the guideline term "crime of violence" is identical to the provisions of ACCA. U.S.S.G. § 4B1.2(a).

    The United States Supreme Court granted *certiorari* in Beckles v. United States, No. 15-8544 to consider whether the residual clause of the Career Offender guideline, § 4B1.1, is also constitutionally infirm. This action was stayed pending an opinion by the United States Supreme Court in Beckles v. United States.

The United States Supreme Court has issued its opinion in <u>Beckles v. United Sates</u>, 2017 WL 855781 (March 6, 2017). The Supreme Court held that the guidelines are discretionary only and are not subject to a vagueness challenge under the Due Process Clause. <u>Johnson</u>'s ruling that the definition of crime of violence in the residual clause of the ACCA is unconstitutionally vague does not apply to the identical definition of crime of violence in the Career Offender guideline.

Now, therefore,

**IT IS ORDERED** that the motion to vacate, set aside, or correct sentence is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 challenging the application of the Career Offender guideline to his sentence, contending that the guideline is void for vagueness under <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The United States Supreme Court has held in <u>Beckles v. United Sates</u>, 2017 WL 855781 (March 6, 2017), that the Career Offender guideline is not void for vagueness.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate, set aside, or correct his sentence. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 10th day of March, 2017.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge